UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI STRAUSS & CO.,<br><br>Plaintiff,<br><br>v.<br><br>DORSAZ, INC.,, et al.<br><br>Defendants. | Case No. 18-cv-03240-WHO<br><br>**ORDER REQUIRING SUPPLEMENTAL BRIEFING**<br><br>Re: Dkt. No. 24 |

Currently before me is plaintiff Levi Strauss & Co.'s motion for entry of default judgment against the remaining defendant in this case, Dorsaz, Inc. As of today's date, there has been no appearance or response from Dorsaz nor any indication that Dorsaz intends to appear or oppose.

The May 8, 2019 hearing on Levi's motion is VACATED.

On or before May 10, 2019, Levi shall file a supplemental memoranda and Revised Proposed Order and Injunction addressing the following:

As to entitlement to attorney fees, the authority Levi relies on – adopting the willfulness equals exceptional standard – is questionable in light of *SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd.*, 839 F.3d 1179, 1181 (9th Cir. 2016) (overruling precedent requiring plaintiffs to "show that a defendant engaged in 'malicious, fraudulent, deliberate or willful' infringement" and instead requiring that "district courts analyzing a request for fees under the Lanham Act should examine the 'totality of the circumstances' to determine if the case was exceptional."). Levi should explain either why the cases it cites are still relevant or provide analysis and new case citations (in its supplemental memoranda and Revised Proposed Order and Injunction) to support its request for attorney fees. In addition, Levi should provide authority that time spent on pre-litigation tasks (*e.g.*, drafting pre-filing cease-and-desist letters) is recoverable under the Lanham Act in exceptional cases.

In its Proposed Order and Injunction (*see, e.g*., paragraphs 1 & 16b.1.), Levi also includes references to importing, exporting, and licensing. But there are no factual allegations in the Complaint regarding that conduct. Those references should be stricken from the Revised Proposed Order and Injunction, unless Levi provides authority and an explanation for why that conduct is properly included in the scope of its Revised Proposed Order and Injunction.

Finally in paragraph 16b.ii, Levi seeks to prevent Dorsaz from "[a]pplying, now or in the future, for the federal registration of trademarks for any of the Prohibited Designs and Designations." This type of conduct was not addressed in the Complaint and this form of relief not referenced in the Complaint. Levi should strike this paragraph from its Revised Proposed Order and Injunction, unless Levi provides an explanation and authority supporting that request.

**IT IS SO ORDERED.**

Dated: May 3, 2019

William H. Orrick
United States District Judge